IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil Case No. 1:12cv00177-MR
[Criminal Case No. 1:07cr00060-MR-1]

| ROBBIE SUTTLES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **O R D E R** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Stay the Court's resolution of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255.

In his motion, Petitioner seeks to stay these proceedings until the Supreme Court of the United States issues a decision in McQuiggin v. Perkins, 670 F.3d 665 (6th Cir. 2012). 133 S.Ct. 527, 184 L.Ed.2d 338, 2012 U.S. LEXIS 8503 (U.S. Oct. 29, 2012) (No. 12-126). In McQuiggin the Supreme Court has granted certiorari on the question of whether the time periods under 38 U.S.C. §2255(f) are extended where a prisoner claims asserts actual innocence. Petitioner argues in his Section 2255 motion that he is "actually innocent of being a career offender." Petitioner's

1

sentence was enhanced based on a finding that he is a career offender. Petitioner now seeks to belatedly challenge that determination based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [Civil Case No. 1:12-cv-00177, Doc. 1 at 6].

In an Order filed contemporaneously with this Order, the Court found that Petitioner's challenge to his status as a career offender must fail in light of the Fourth Circuit's holding in United States v. Powell, 691 F.3d 554 (4th Cir. 2012), and subsequent, unpublished opinions, which hold that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and the Supreme Court's opinion in Carachuri-Rosendo v. Holder, ___, U.S. ___, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), are not retroactive to cases on collateral review.[1] Based thereon the Court denied and dismissed his Section 2255 motion and declined to issue a certificate of appealability. Therefore, even if Petitioner's motion were timely, it would be of no consequence to his claim.

In addition, Petitoiner's argument under McQuiggin is without merit. In Petitioner's presentence report ("PSR"), the U.S. Probation Officer found that he had been convicted on three felony controlled substance offenses

---

[1] Petitioner was sentenced in this Court on April 25, 2008, and he did not file a direct appeal from this Judgment. Petitioner's Judgment was therefore final in May 2008. See Fed. R. App. P. 4(b) (applying pre-2009 amendment that provides a direct appeal must be filed within 10-days from entry of judgment).

2

Case 1:12-cv-00177-MR   Document 9   Filed 03/19/13   Page 2 of 3

under North Carolina law. Based on these convictions, the probation officer concluded that Petitioner qualified as a career offender under USSG § 4B1.1. [Criminal Case No. 1:07cr00060, Doc. 25: PSR ¶ 25]. Petitioner does not contend that he is factually innocent of the *crimes* which formed the basis for his status as a career offender. Rather, he asserts that under present case law, the predicate crimes may not expose him to a sentence in excess of one year and would therefore not serve as proper, predicate convictions to support a conclusion that he is a career offender. This is not a claim of actual innocence. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). For the foregoing reasons, Petitioner's Motion to Stay Proceedings will be denied in the Court's discretion.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Stay Proceedings is **DENIED**. [Doc. 8].

Signed: March 19, 2013

Martin Reidinger
United States District Judge