# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Case No. 1:12cv00177-MR
[Criminal Case No. 1:07cr00060-MR-1]

| | |
|---|---|
| ROBBIE SUTTLES, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | O R D E R |

**THIS MATTER** is before the Court on the Petitioner's[1] Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, and Petitioner's Alternative Petition for a Writ of Error C*oram Nobis*; [Doc. 1]; and the Government's response thereto [Doc. 4], which contains a motion to dismiss. For the reasons that follow, Petitioner's Section 2255 motion and his alternative claim for relief will be dismissed.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 4, 2007, Petitioner was indicted for conspiracy to manufacture and possess with intent to distribute methamphetamine, in an

---

[1] Petitioner originally filed his Petition [Doc. 1] in his criminal case, 1:07cr060, and as such this document was denominated as "Defendant's Motion . . . "  With the opening of the separate proceeding under §2255, he is now properly identified as the Petitioner.

amount foreseeable to Petitioner of at least 50 grams, all in violation of 21 U.S.C. §§ 846 & 841(a)(1). [Criminal Case No. 1:07-cr-00259-MR-1, Doc. 1: Indictment].

On August 23, 2007, Petitioner entered into a written Plea Agreement with the Government and agreed to plead guilty to sole count of the Indictment. In the agreement, Petitioner was expressly advised that conviction for the crime charged in the Indictment carried a statutory sentence of not less 10 years nor more than life imprisonment. [Doc. 11: Plea Agreement ¶ 3]. Although not binding on the Court, the Petitioner and the Government agreed to jointly recommend to the Court that the quantity of methamphetamine (mixture) that was reasonably foreseeable to Petitioner was at least 50 grams but less than 150 grams. [Id. ¶ 6]. Further, the Plea Agreement provided that notwithstanding "any recommendations in the Plea Agreement as to offense level, if the Probation Office determines from [Petitioner's] criminal history that U.S.S.G. § 4B1.1 (Career Offender) applies, that provision may be used in determining the sentence." [Id. ¶ 6(d)].

On August 31, 2007, Petitioner's guilty plea was accepted following a Plea and Rule 11 Hearing before U.S. Magistrate Judge Dennis L. Howell. [Doc. 13: Acceptance and Entry of Guilty Plea].

A presentence investigation report ("PSR") was prepared in advance of Petitioner's sentencing hearing. In the PSR, the Probation Officer found that Petitioner qualified as a Career Offender based on three prior controlled substance offenses sustained in North Carolina which were classified as felonies under North Carolina law. [Doc. 25 ¶ 16]. Petitioner filed no objections to his classification as a Career Offender. On April 25, 2008, Petitioner was sentenced to an active term of 151-months' imprisonment and he did not file a direct appeal from this judgment. [Doc. 22: Judgment in a Criminal Case].

On July 19, 2012, Petitioner, through counsel, filed the present Section 2255 motion [Doc. 1] contending that he was erroneously classified as a Career Offender based on the Supreme Court's opinion in <u>Carachuri-Rosendo v. Holder</u>, ___U.S. ___, 130 S. Ct. 2577, 177 L.Ed.2d 68 (2010), and the Fourth Circuit's opinion in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc). Specifically, Petitioner argues that based on the holdings in <u>Carachuri</u> and <u>Simmons</u>, he no longer qualifies as a Career Offender because none of the predicate state convictions noted in his PSR subjected him to a term of imprisonment in excess of one year. For reasons that will be discussed below, the Court finds that Petitioner is not entitled to relief based on Fourth Circuit case law filed subsequent to the filing of his

3

Section 2255 motion.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. **Section 2255 Proceeding**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a motion challenging the legality of a sentence imposed by a federal court must be filed within a one-year period, which is calculated as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to

making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner did not file a direct appeal from his criminal judgment, and the judgment therefore became final ten days after entry of judgment on April 25, 2008. See Fed. R. App. P. 4(b) (pre-2009 amendment providing for ten days to file direct appeal following entry of judgment). Petitioner contends that his § 2255 motion is timely under § 2255(f)(4) because it was filed within one year of the date the Fourth Circuit filed its en banc decision in Simmons. [Civil Case No. 1:12cv177-MR, Doc. 1 at 4]. Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining a sentence. Thus, both the merits of Petitioner's claim and the timeliness of his motion

5

are dependent on Simmons.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The decision in Simmons was based on the Court's interpretation of the Supreme Court's opinion in Carachuri, which held that, in the context of what constitutes a qualifying felony under a provision of the Immigration and Nationality Act, the sentencing court must examine the criminal record of the defendant presently before the court and not the record of a hypothetical defendant. In a decision filed after Petitioner filed the present Section 2255 motion, the Fourth Circuit examined the reach of the decision in Carachuri and concluded that its holding was not retroactive to cases on

collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."). This conclusion has been confirmed by unpublished opinions likewise rejecting the availability of collateral relief based on Simmons and Carachuri. See United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (specifically rejecting Petitioner's challenge to the "validity of his predicate offenses relied upon for his career offender enhancement. We have recently determined that "Carachuri-Rosendo claims may not be raised retroactively in collateral proceedings."); United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) ((noting that "Wheeler's claim for retroactive application of [Carachuri and our opinion in Simmons] fails in light our recent opinion in [Powell]"); Based on the foregoing authority, the Petitioner's Section 2255 motion is untimely and must be dismissed.

## B. CORAM NOBIS RELIEF

Petitioner contends that if he is denied relief pursuant to § 2255 he should be entitled to relief through a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3d Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). Petitioner is still in custody. Therefore he is not entitled to *coram nobis* relief, and this claim must also be dismissed.[2]

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in

---

[2] Petitioner is confined in the Eastern District of North Carolina. The Court notes that Petitioner filed a motion under 28 U.S. § 2241 in the Eastern District raising the same challenges he presents before this Court. See Suttles v. Andrews, No. 5:12-hc-02196-BO (E.D.N.C. filed Aug. 17, 2012).Petitioner's counsel asks that consideration of the petition for a writ of *coram nobis* be stayed pending a determination of the § 2255 and the § 2241, or, alternatively, counsel asks that the petition be dismissed without prejudice. [Civil Case 1:12cv177-MR, Doc. 7 at 2]. Based on the Court's conclusion that a *coram nobis* petition is not a proper vehicle to challenge present confinement, the Court will dismiss the petition without prejudice.

order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IV.   CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss Petitioner's Section 2255 Motion is **GRANTED**. [Doc. 4].

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 Motion is **DISMISSED** as untimely.  [Doc. 1].

**IT IS FURTHER ORDERED** that Petitioner's Alternative Petition for Writ of Error C*oram Nobis* is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

Signed: March 19, 2013

Martin Reidinger
United States District Judge